ALGERON I. NOVA, as County Judge of Kings County, Plaintiff, v. EDWARD J. FLYNN, as Secretary of State of the State of New York, Defendant.

Supreme Court, Albany County, April 9, 1931.

*William D. Guthrie* and *Edward G. Griffin,* for the plaintiff.

*John J. Bennett, Jr., Attorney-General [Claude T. Dawes, Solicitor General,* of counsel], for the defendant.

BLISS, J. The situation is almost identical with that of *Wingate* v. *Flynn* (139 Misc. 779).

The plaintiff was elected county judge of Kings county at the general election in November, 1925. At the time of his election the Constitution provided as follows:

" § 14. The existing County Courts are continued, and the Judges thereof now in office shall hold their offices until the expiration of their respective terms. In the county of Kings there shall be four County Judges. * * * All County Judges, including successors to existing Judges, shall be chosen by the electors of the counties for the term of six years from and including the first day of January following their election."

At the same general election the People approved and ratified certain amendments to section 14 of article 6 to the effect that the same was renumbered and amended as follows:

" § 11. The existing County Courts are continued, and the judges thereof now in office shall hold their offices until the expiration of their respective terms. In the county of Kings there shall be five county judges and in the county of Bronx two county judges. * * * All county judges, including successors to existing judges, shall be chosen by the electors of the counties for the term of six years from and including the first day of January fol'owing their election except that in counties within the City of New York the terms shall be fourteen years."

This amendment became effective January 1, 1926, at which time plaintiff also took office.

While the wording of the amendment is not as positive as that in the *Wingate* case, nevertheless the application of the rules of constitutional and statutory construction precedent and the situation itself, as in the *Wingate* case, all indicate clearly that the plaintiff's term of office is six and not fourteen years.

Plaintiff may have judgment accordingly.